UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
CAROLE PLOEGER,

              Plaintiff,                          07 Civ. 7268 (WCC)

            v.                                     ANSWER OF DEFENDANT
                                                            EF INSTITUTE FOR CULTURAL
LOUIS PUBLIC COMPANY LIMITED       EXCHANGE, INC., d/b/a
and E.F. INSTITUTE FOR CULTURAL      EF EDUCATIONAL TOURS
EXCHANGE, INC.,
d/b/a EF EDUCATIONAL TOURS,          JURY TRIAL DEMANDED
              Defendants.
------------------------------------------------------X

        Defendant, EF Institute for Cultural Exchange, Inc., d/b/a EF Educational Tours (hereinafter "EF" or "Defendant") as and for its Answer, in response to the correspondingly numbered paragraphs of the Complaint, alleges:

## AS TO INTRODUCTION

1.      The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.      The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

## AS TO THE PARTIES AND JURISDICTION

3.      The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.      The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.      The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. The Defendant, EF, denies the allegations contained in paragraph 6, except it admits that it is a Massachusetts corporation that conducts business in the State of New York.

7. This paragraph is directed to another Defendant and therefore no answer is required of this Defendant.

8. This paragraph states averments of law and/or legal conclusions to which no responsive pleading is required. The Defendant, EF, contests that jurisdiction is appropriate in this forum.

9. This paragraph states averments of law and/or legal conclusions to which no responsive pleading is required. The Defendant, EF, contests that jurisdiction is appropriate in this forum.

10. The Defendant, EF, denies the allegations contained in this paragraph.

AS TO FACTUAL ALLEGATIONS APPLICABLE
TO ALL CAUSES OF ACTION

11. The Defendant, EF, denies the allegations contained in paragraph 11, except admits that Plaintiff purchased an educational tour sold by EF.

12. The Defendant, EF, denies the allegations contained in this paragraph.

13. The Defendant, EF, denies the allegations contained in this paragraph.

14. The Defendant, EF, admits that it advertises and solicits business in New York, but denies that the Plaintiff's tour was solicited, organized, arranged or in any way connected with the State of New York.

15. The Defendant, EF, admits the allegations contained in this paragraph, but denies that the Plaintiff's tour was solicited, organized, arranged or in any way connected with the State of New York.

- 3 -

16. The Defendant, EF, denies the allegations contained in paragraph 16, except admits that EF derives revenue from business it conducts in the State of New York. The Defendant, EF, further denies that the Plaintiff's tour was solicited, organized, arranged or in any way connected with the State of New York.

17. The Defendant, EF, denies the allegations contained in this paragraph, except admits that EF attends educational conferences in New York and meets with teachers. The Defendant, EF, denies that the Plaintiff's tour was solicited, organized, arranged or in any way connected with the State of New York.

18. The Defendant, EF, admits that EF solicits and conducts business in the State of New York. The Defendant, EF, denies all other allegations and denies that the Plaintiff's tour was solicited, organized, arranged or in any way connected with the State of New York.

19. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. The Defendant, EF, admits that it has sold tours to individuals, including students, from New York. The Defendant, EF, denies that the Plaintiff's tour was solicited, organized, arranged or in any way connected with the State of New York.

21. The Defendant, EF, denies the allegations contained in this paragraph, except admits that EF prides itself on offering high quality, educational travel opportunities.

22. The Defendant, EF, denies the allegations contained in this paragraph.

23. The Defendant, EF, admits the allegations contained in this paragraph.

24. The Defendant, EF, denies the allegations contained in this paragraph.

25. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. The Defendant, EF, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. The Defendant, EF, denies the allegations contained in this paragraph.

<u>AS TO FIRST CAUSE OF ACTION</u>
<u>NEGLIGENCE OF DEFENDANT LOUIS CRUISE</u>

39-44   Count I and paragraphs 39 – 44 are directed to another defendant and therefore no answer is required of this defendant. However, any allegations of negligence or other culpable conduct contained in this Count and these paragraphs and directed to defendant EF, express or implied, are denied.

<u>AS TO SECOND CAUSE OF ACTION</u>
<u>NEGLIGENCE OF DEFENDANT EF TOURS</u>

45. The Defendant, EF, incorporates by reference its responses to paragraphs 1 – 44 contained herein.

46. The Defendant, EF, denies the allegations contained in this paragraph.

47. The Defendant, EF, denies the allegations contained in this paragraph.

48. The Defendant, EF, denies the allegations contained in this paragraph, except admits that it offers high quality, educational travel opportunities.

49. The Defendant, EF, denies the allegations contained in this paragraph.

50. The Defendant, EF, denies the allegations contained in this paragraph.

51. The Defendant, EF, denies the allegations contained in this paragraph.

52. The Defendant, EF, denies the allegations contained in this paragraph.

## AS TO THE THIRD CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST DEFENDANT EF TOURS

53. The Defendant, EF, incorporates by reference its responses to paragraphs 1 – 52 contained herein.

54. The Defendant, EF, denies the allegations contained in this paragraph.

55. The Defendant, EF, denies the allegations contained in this paragraph.

## AS TO FOURTH CAUSE OF ACTION
## DECEPTIVE ACTS AND PRACTICES (GBL §349)
## AGAINST DEFENDANT EF TOURS

56. The Defendant, EF, incorporates by reference its responses to paragraphs 1 – 55 contained herein.

57. The Defendant, EF, denies the allegations contained in this paragraph and denies that the Plaintiff's tour was solicited, organized, arranged or in any way connected with the State of New York.

58. The Defendant, EF, denies the allegations contained in this paragraph.

59. The Defendant, EF, denies the allegations contained in this paragraph.

60. The Defendant, EF, denies the allegations contained in this paragraph.

61. The Defendant, EF, denies the allegations contained in this paragraph.

The last paragraph contains a demand for relief to which no response is required. To the extent any answer is required, the Defendant, EF, denies the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the Defendant EF.

### THIRD AFFIRMATIVE DEFENSE

Venue is improper.

### FOURTH AFFIRMATIVE DEFENSE

Pursuant to Paragraph 15 of the Release and Agreement executed by Plaintiff, jurisdiction over actions between the parties to the Agreement is vested exclusively in the courts of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

### FIFTH AFFIRMATIVE DEFENSE

Jurisdiction is improper. Venue is improper. Pursuant to Paragraph 15 of the Release and Agreement executed by Plaintiff, venue for actions between the parties to the Agreement is vested exclusively in the courts of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff, for good and valuable consideration, released and forever discharged Defendant, EF, from any claims arising out of or related to Plaintiff's participation in an EF sponsored tour.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

EIGHTH AFFIRMATIVE DEFENSE

Pursuant to Paragraph 15 of the Release and Agreement executed by Plaintiff, Massachusetts law applies to any dispute between the Plaintiff and Defendant, EF. New York law, including GBL, §349, is inapplicable to the allegations contained in Plaintiff's Complaint.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's action for negligence is barred by plaintiff's own negligence, or Plaintiff's right of recovery is reduced proportionately thereby.

TENTH AFFIRMATIVE DEFENSE

If the Plaintiff suffered any injuries, said damages are the result of the actions of third parties for which Defendant is not responsible.

ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

TWELVTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

THIRTEENTH AFFIRMATIVE DEFENSE

Should Plaintiff recover damages from Defendant, EF, Defendant is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Plaintiff's damages, if there are any.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant, EF, alleges that its conduct was not the proximate cause of any injury or harm alleged in the Complaint and any alleged damages Plaintiff seeks were not proximately caused by any conduct of Defendant, EF.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to perform all conditions and obligations required under any alleged contract, agreement or account.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant, EF, is not a proper defendant and did not cause or contribute to Plaintiff's alleged injury in any way.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injury and Complaint is barred by superseding and intervening causes.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of any and/or all damages alleged to have been sustained.

## NINETEETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## TWENTIETH AFFIRMATIVE DEFENSE

There has been an accord and satisfaction between the Plaintiff and the Defendant EF.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims have been paid in full by the Defendant EF.

## REQUEST FOR RELIEF

WHEREFORE, Defendant requests that this Court:

(i) Enter judgment in Defendant's favor as to Counts II – IV of Plaintiff's Complaint;

    (ii)    Dismiss Plaintiff's Complaint against Defendant with prejudice;

    (iii)    Award Defendant its attorneys' fees and costs; and

    (iv)    Grant such other relief as the Court deems just and proper.

Defendant demands trial by jury.

Dated: New York, New York
November 9, 2007

            PADUANO & WEINTRAUB, LLP

By: _____
Jordan D. Becker (JDB-3636)
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100

Attorneys for Defendant,
EF Institute for Cultural Exchange, Inc.
d/b/a EF Educational Tours

Of Counsel:

Jeffrey P. Allen, Esquire
Susan Donaldson Novins, Esquire
SEEGEL, LIPSHUTZ & WILCHINS, P.C.
20 William Street, Suite 130
Wellesley, MA 02481
(781) 237-4400

325136.1.439701.8000